IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |  | |
|---|---|---|---|
| PHILLIP STERLING, | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| V. | § | No. 3:19-cv-465-G-BN | |
| | § | | |
| VA NORTH TEXAS HEALTH CARE SYSTEM and UNITED STATES OF AMERICA, | § | | |
| | § | | |
| Defendants. | § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Phillip Sterling filed in a Dallas County justice court a *pro se* petition against defendants including the VA North Texas Health Care System (the "VA") invoking the Federal Tort Claims Act (the "FTCA") (the "Complaint"). *See* Dkt. No. 1-4 at 1 (citing 28 U.S.C. § 2674). The VA and the United States removed his action to this Court under 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). *See* Dkt. No. 1. And the action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The VA and the United States have moved to dismiss Sterling's lawsuit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 5. Sterling filed a court-ordered response to the motion. *See* Dkt. No. 8; *see also* Dkt. No. 9. The VA and the United States filed a reply brief. *See* Dkt. No. 9. And Sterling filed an unauthorized sur-reply. *See* Dkt. No. 10; *see also* Dkt. No. 9.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss and dismiss this action without prejudice for lack of subject matter jurisdiction.

## Applicable Background

In the Complaint, Sterling, a veteran, alleges that, under the VA "Choice Program," the VA failed to pay for out-of-pocket expenses he incurred related to heath care he received from non-VA providers (1) under the Texas Deceptive Trade Practices-Consumer Practice Act (the "DTPA") and (2) based on a breach-of-contract theory. *See generally* Dkt. No. 1-4; *see also, e.g.,* Dkt. No. 8 (response to motion to dismiss) at 2 ("[T]he Dallas VA does not have a clear procedure for reimbursing medications not carried by the VA pharmacy. The VA did not disclose this information to the veteran. The VA lead Sterling to believe they were going to pay him for his out of pocket expenses but did not. The whole VA process is confusing, mis-leading, and deceptive. Veteran was told he would be reimbursed and was not. Sterling has met all requirements showing his complaint is State Law related and has nothing to do with Federal Law, VA benefits or FTCA tort claim.").

Sterling named as a defendant Stephen Holt, Director. *See* Dkt. No. 1-4 at 1. And, in removing this action, the VA and the United States included a certification from the Civil Chief for the United States Attorney's Office for this district that Holt "was acting within the scope of employment as an employee of the United States at the time of the incidents out of which the claim arose," Dkt. No. 1 at 6 (citing 28 U.S.C. § 2679; 28 C.F.R. § 15.4), thus substituting the United States as the party defendant for

Holt, *see* 28 U.S.C. § 2679(d)(2).

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644

F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## Analysis

The VA and the United States argue that the Court lacks jurisdiction to consider Sterling's claims because (1) his desire to hold them liable under the DTPA is barred by the doctrines of sovereign immunity and derivative jurisdiction and (2) his claim that the VA should pay out-of-pocket expenses he incurred cannot be heard by a United States district court.

But preliminarily, the Court should reject Sterling's argument that the removal to this Court was not proper. *See generally* Dkt. Nos. 6 & 8. The basis for removal here is Section 1442(a)(1), so Sterling's contentions that diversity jurisdiction under 28 U.S.C. § 1331 is lacking and that he has not alleged a federal question under 28 U.S.C. § 1332 miss the mark. *See, e.g., IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. Unit B 1982) ("The only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency. There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claim against the federal officer. To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." (footnotes and citations omitted)).

Taking first Sterling's tort claim, the FTCA "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing 28 U.S.C. § 2679(a)). That statute's "limited waiver of sovereign immunity [ ] allows plaintiffs to

bring state law tort actions against the federal government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2674). And "[c]ourts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Id.* (citing *Willoughby*, 730 F.3d at 479; 28 U.S.C. § 1346(b)(1)).

Crucial to establishing subject matter jurisdiction, "[w]aiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Id.* (citing *Willoughby*, 730 F.3d at 480). Here, Sterling has not established jurisdiction by showing that either the United States or its agency, the VA, waived its sovereign immunity as to a DTPA claim. *See, e.g., Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 778 (N.D. Tex. 1996) ("Causes of action under the Texas DTPA against the United States are [ ] barred by the FTCA. The Fifth Circuit has noted that the FTCA provides the exclusive remedy for such actions." (citing *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1462 (5th Cir. 1986))). The Court therefore lacks jurisdiction over the DTPA claim, and it should be dismissed without prejudice under Rule 12(b)(1). *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

And, because neither the VA nor United States waived its sovereign immunity, particularly through Sterling's filing of this action in state court, *see* 28 U.S.C. § 1346(b)(1), removal under Section 1442 also leaves this Court without subject matter

jurisdiction under the doctrine of derivative jurisdiction.

> That doctrine
>
> maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."

*Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)).

In *Lopez*, the United States Court of Appeals for the Fifth Circuit, joining "both circuits to have considered the issue," concluded that "the plain language" of 28 U.S.C. § 1441(f), as amended in 2002, evidences Congress's intent "'to keep the [derivative jurisdiction] doctrine in place' for removals other than those under § 1441." *Id.* at 352 (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); citing *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441.")). Thus, although Section 1441(f) may abrogate the doctrine for cases removed under Section 1441, the derivative jurisdiction doctrine still applies to cases removed under Section 1442, such as this one.

Further, to the extent that Sterling complains about the VA's failure to pay for care he received from non-VA providers, the Court lacks jurisdiction to review VA benefit determinations:

> The Veterans's Judicial Review Act "created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." A veteran may appeal a benefits determination to the Board of Veterans' Appeals, and the Court of Veterans' Appeals has exclusive jurisdiction to review the Board's decision. The Federal Circuit Court of Appeals has exclusive jurisdiction to review the decisions of the Court of Veterans' Appeals. [To the extent that Sterling] "challenges the VA's decision to deny [him] benefits, the district court does not have jurisdiction" over [his] complaint.

*Michael v. United States*, 616 F. App'x 146, 147 (5th Cir. 2015) (per curiam) (quoting *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995); citing *Zuspann*, 60 F.3d at 1158-59; footnotes omitted).

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 5] and dismiss this action without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 29, 2019

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE